UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SAMUEL DAVID OSORTO REYES,

Petitioner,

v. Case No.: 2:26-cv-02372-SPC-NPM

TODD BLANCHE *et al.*,

Respondents,

_______________________________/

**OPINION AND ORDER**

Before the Court is Samuel David Osorto Reyes's Petition for Writ of Habeas Corpus (Doc. 1), the government's response (Doc. 6), and Osorto Reyes's reply (Doc. 7).

Osorto Reyes is a native and citizen of Honduras. He first entered the United States in 2016 and was promptly removed under an expedited order of removal. He entered the United States again in 2019, applied for asylum, and received work authorization through August 7, 2030. Osorto Reyes has a pregnant U.S. citizen wife who recently filed a Petition for Alien Relative with U.S. Citizenship and Immigration Services. He has no criminal history whatsoever.

On June 25, 2026, officers from several federal agencies arrested Osorto Reyes near his home in Lakeland, Florida in a targeted operation and took him to the Pinellas County Sheriff's Office. Osorto Reyes was later transferred to

Glades County Detention Center, where he remains detained. On July 22, 2026, an immigration judge found he had no jurisdiction to order Osorto Reyes's release on bond because he is not in removal proceedings and remains subject to the 2016 removal order.

Osorto Reyes argues his detention violates the Due Process Clause of the Fifth Amendment. In response, the government argues Osorto Reyes is subject to mandatory detention under 8 U.S.C. § 1231(a)(2) because Immigration and Customs Enforcement (ICE) reinstated the 2016 removal order. But the evidence before the Court indicates ICE did not follow the proper procedure to reinstate the removal order.

When determining whether a noncitizen is subject to reinstatement of a removal order, an immigration official "shall consider all relevant evidence, including statements made by the alien and any evidence in the alien's possession." 8 C.F.R. § 241.8(a)(3). ICE uses a three-step process for reinstatement. First, the immigration officer completes the top part of the I-871 form, which notifies the noncitizen of ICE's intent to reinstate the removal order and the reason for reinstatement. Second, the officer gives the noncitizen an opportunity to make a statement contesting reinstatement and sign the Acknowledgement and Response section of the form. Third, if an immigration officer determines the noncitizen is subject to reinstatement, the officer signs the Decision, Order, and Officer's Certification section of the form. 8 C.F.R. §

241.8(a)-(c). This three-step process is not a mere formality. The law provides exceptions from reinstatement for noncitizens who have applied for adjustment of status and noncitizens who express fear of returning to the country designated in the removal order. 8 C.F.R. § 241.8(d), (e).

Osorto Reyes claims he never received notice of the reinstatement or an opportunity to contest it. The government states it "issued" the Notice of Intent/Decision to Reinstate Prior Order, but it does not claim it served the notice on Osorto Reyes or otherwise followed the steps mandated by § 241.8. According to the I-871 form itself, ICE Officer Louisdhon—one of the arresting officers—signed the Notice section on June 25, 2026. The Acknowledgement section is blank except for a "REFUSED TO SIGN" stamp. Deportation Officer N. Marrero signed the Decision section on June 25, 2026, in Tampa, Florida. According to Osorto Reyes's unrefuted account of that day, he was arrested in Lakeland, Florida and taken to the Pinellas County Sheriff's Office. Nothing in the record suggests a stop in Tampa.

Based on the evidence and argument presented by the parties, the Court finds that ICE failed to give Osorto Reyes notice of its intent to reinstate the removal order before making the reinstatement decision. Thus, the ICE officers could not have "consider[ed] all relevant evidence," as required by 8 C.F.R. § 241.8, and Osorto Reyes had no opportunity to contest the reason for

reinstatement or demonstrate that an exception applied. The reinstatement was defective.

ICE's detention of Osorto Reyes without first following its reinstatement procedures violated the Fifth Amendment, which guarantees that "[n]o person shall be…deprived of life, liberty, or property, without due process of law[.]" U.S. Const. amend. V. The clause "applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001). It is thus "well established that the Fifth Amendment entitles aliens to due process of law in deportation proceedings." *Reno v. Flores*, 507 U.S. 292, 306 (1993).

The Supreme Court has long recognized that "due process is flexible and calls for such procedural protections as the particular situation demands." *Morrissey v. Brewer*, 408 U.S. 471, 481 (1976). Courts looks to three factors when considering what process is due in a given situation: (1) "the private interest that will be affected by the official action;" (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards;" and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

All three factors weigh heavily in Osorto Reyes's favor. First, his interest in freedom from detention "lies at the heart of the liberty" the Due Process Clause protects. *Zadvydas*, 533 U.S. at 690. Second, the risk of erroneous deprivation of that interest is substantial here. The government's actions gave Osorto Reyes no opportunity to contest reinstatement or establish entitlement to an exception. For that reason, the Court recognizes significant value in the safeguards established by 8 C.F.R. § § 241.8. Third, while the government has a legitimate interest in executing removal orders, providing Osorto Reyes notice and an opportunity to respond *before* reinstating a removal order would not have been overly burdensome.

Because the reinstatement is defective, it cannot be the basis for Osorto Reyes's detention under § 1231. What is more, Orsoto Reyes is not in removal proceedings, so he is not subject to detention under § 1226. Orsoto Reyes is entitled to release from detention.

Accordingly, it is hereby

**ORDERED**:

Samuel David Osorto Reyes's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED.**

(1) The respondents shall release Osorto Reyes within 24 hours of this Order, and they shall facilitate his transportation from the detention facility by notifying his counsel when and where he may be collected.

(2) The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida on August 28, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties of Record